IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTINA NEWTON, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:21-CV-00322-SDJ- |
| v. | § | CAN |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant State Farm Lloyds's Motion to Strike or Limit

Testimony of Brandon Allen [Dkt. 27].  Having considered State Farm's Motion, Plaintiff's

Response [Dkt. 31], and all other relevant filings, the Court recommends State Farm's Motion to

Strike or Limit Testimony of Brandon Allen [Dkt. 27] be **DENIED**.

**RELEVANT BACKGROUND**

Plaintiff Christina Newton's ("Plaintiff") suit arises out of an insurance claim for damage

to the laminate composition shingle roof of her residence, allegedly caused by a wind and hailstorm

on or around March 24, 2019 [Dkt. 11 at 2].  On April 22, 2021, Defendant State Farm Lloyds

("Defendant" or "State Farm") removed Plaintiff's suit to the Eastern District of Texas [Dkt. 1].

On June 4, 2021, Plaintiff filed her amended complaint – the live pleading – alleging State Farm

underpaid her insurance claim for wind/hail damage to the roof of her residence in violation of the

Texas Insurance Code and in breach of her insurance policy with State Farm [Dkt. 11].  On

June 21, 2021, this matter was referred to the undersigned for pretrial proceedings [Dkt. 13].

On October 26, 2021, Plaintiff filed her Rule 26(a)(2) Expert Disclosures [Dkt. 23] designating Brandon Allen ("Allen") of Allen Consulting Services as a retained, testifying expert [Dkt. 31-1 at 4-6].

***State Farm's Motion to Strike or Limit Testimony of Allen***

On December 8, 2021, State Farm filed its Motion to Strike or Limit Testimony of Brandon Allen [Dkt. 27]. State Farm argues Allen's opinions should be struck or limited because they are unreliable and nothing more than subjective beliefs or unsupported speculation, and further, that he is not qualified to opine on weather-related information, rendering his testimony inadmissible under Federal Rule of Evidence 702, *Kumho Tire*, and *Daubert* [Dkt. 27 at 3-5]. On December 22, 2021, Plaintiff filed a Response in opposition [Dkt. 31]. State Farm did not file a Reply.

In connection with the Motion, the Parties proffer: (1) "Allen's Expert Report" [Dkt. 27-1]; (2) Plaintiff's Rule 26(a)(2) expert disclosures [Dkt. 31-1]; and (3) the Declaration of Brandon Allen Pursuant to 28 U.S.C. § 1746, executed on December 22, 2021 [Dkt. 31-2]. No objection has been raised by either Party to the Court's consideration of these materials; although Plaintiff does note the version of Allen's expert report attached to State Farm's Motion is not complete, [*See* Dkts. 27 at 3 n.1; 31 at 4],[1] and urges the Court consider the full Rule 26(a)(2) expert disclosure of Allen in reaching its determination [Dkt. 31 at 4-5].

---

[1] State Farm's Motion omits certain of the attachments to Allen's report, which Plaintiff argues are material to the inquiry into the admissibility of Allen's testimony. Eight items are appended to Allen's report [Dkts. 27-1 at 7; 31-1 at 17]. State Farm's exhibit contains only three of these: (1) Allen's curriculum vitae; (2) Allen Consulting Estimate; and (3) "Eagle View," of which State Farm includes only the first page of the ClaimsReady Report dated August 15, 2019 [Dkt. 27-1 at 7-29]. Plaintiff's exhibit includes the remaining five: (3) "Eagle View," with the ClaimsReady Report generated by State Farm provided in full; (4) Appraisal Award; (5) Appraisal Estimate; (6) State Farm letter regarding appraisal; (7) Photos; and (8) Storm Reports [Dkt. 31-1 at 39-141].

**LEGAL STANDARD**

Federal Rule of Evidence 702 permits opinion testimony from a witness qualified as an expert by virtue of his or her "knowledge, skill, experience, training, or education" if the expert's knowledge will assist the trier of fact to understand the evidence or to determine a fact at issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590-93 (1993). This Court, in its role as gatekeeper, must permit only reliable and relevant testimony from qualified witnesses to be admitted as expert testimony. *Id.* at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)). The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590-91; *Barbe v. Gov't Employees Ins. Co.*, No. 4:13-CV-441, 2014 WL 12601152, at *2 (E.D. Tex. June 30, 2014). Courts have "wide latitude in deciding whether to exclude an expert's testimony," and "rejection of expert testimony is the exception rather than the rule." *Whatley v. Great Lakes Ins. SE*, No. 1:19-CV-444, 2020 WL 8970502, at *5 (E.D. Tex. Nov. 30, 2020) (citing *Kumho Tire*, 526 U.S. at 152). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

# ANALYSIS

## *Reliability of Allen's Testimony*[2]

State Farm urges the testimony of Allen should be stricken or limited because his opinions

and conclusions are unreliable "as they are not grounded 'in the methods and procedures of

science' and are thus no more than 'subjective belief or unsupported speculation'" [Dkt. 27 at 3]

(quoting *Daubert*, 509 U.S. at 590). More specifically, State Farm argues that Allen fails to show

that "his opinions are supported by adequate facts and data and based on the product of reliable

principles and methods" as follows:

> (1) regarding damage to the building, Allen opines without supporting data that high winds
> blew off a patch of shingles that resulted in water leaking into the second floor of Plaintiff's
> residence, damaging the carpet, drywall, trim, and outlets;
>
> (2) regarding the roof, Allen "does not provide any explanation as to why the hail damage
> is 'severe,' why it requires an entire roof replacement, and how the single HAAG photo
> supports his conclusion that there is severe hail damage"; and
>
> (3) regarding the fence, Allen provides no information to support his opinion that hail
> damaged the wooden fence [Dkt. 27 at 3-4].

Plaintiff rejoins that Allen's testimony is reliable and is derived from his personal

observations based on his extensive and specialized experience [Dkt. 31 at 3-7]. Further, Plaintiff

argues that State Farm's challenges to the bases and sources of Allen's opinions are not issues of

---

[2] The Court normally analyzes questions of reliability using the five nonexclusive factors known as *Daubert* factors. These are: (1) whether the expert's technique can be or has been tested; (2) whether the method has been subjected to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community. *Daubert*, 509 U.S. at 593-94. However, the Supreme Court has clarified these factors may not be pertinent "in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire*, 526 U.S. at 153-54. The Court notes the factors are not especially relevant in this case, and neither Party briefed this Motion in relation to the *Daubert* factors. Thus, the Court will evaluate the expert's reliability and qualifications based off the Parties' briefing and arguments and whether the expert's testimony complies with the general *Daubert* standards. To reiterate, "th[e] test of reliability[] is 'flexible,' and these factors 'neither necessarily nor exclusively appl[y] to all experts or in every case.'" *Greger v. C.R. Bard, Inc.*, No. 4:19-CV-675-SDJ, 2021 WL 3855474, at *2 (E.D. Tex. Aug. 30, 2021) (quoting *Kumho Tire*, 526 U.S. at 141). The Court "has discretion in determining which factors are most germane in light of the nature of the issue, the particular expertise, and the subject of the expert's testimony." *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255-L, 2019 WL 1436659, at *4 (N.D. Tex. Mar. 31, 2019).

admissibility but are instead questions of credibility and weight which should be left for the jury's consideration [Dkt. 31 at 2, 6].

After reviewing the relevant filings, the Court finds that Allen's testimony is not so unreliable as to merit his exclusion. Allen is a licensed adjuster in Texas and Louisiana with almost twenty years of experience adjusting claims [Dkts. 31 at 3; 31-1 at 18-21]. In his declaration, Allen avers he has "adjusted thousands of claims involving hail damage to laminate and composition shingle roofs similar to the claim at issue here" [Dkt. 31-2 at 1]. He holds credentials including an Associate in Claims,[3] and he is a HAAG Certified Roof Inspector, which means he received specialized training to assess roof damage [Dkts. 31-1 at 18; 31-2 at 1]. Allen's certifications and his extensive claims adjusting experience are adequate grounds for finding his testimony sufficiently reliable to be admissible and to move his testimony beyond mere subjective belief or unsupported speculation. *See Collins v. Safeco Ins. Co. of Indiana*, No. 3:18-CV-01788-X, 2020 WL 95488, at *4-5, *4 n.25 (N.D. Tex. Jan. 8, 2020) ("Steiner's testimony on whether the damage to Collins's roof was functional or cosmetic is sufficiently reliable to be admissible. Although Steiner bases his testimony on his own experience, he also states in his deposition that he relies on the standards he learned pursuant to his HAAG and International Code Council certifications. Reliance on these certifications demonstrates by a preponderance of the evidence the reasonableness of Steiner's approach and moves his testimony beyond 'subjective belief or unsupported speculation' to 'scientific validity.'"). Indeed, Allen makes clear in his report that his recommendation is grounded in his experience and specialized training, explaining:

---

[3] Allen's declaration states that an Associate in Claims ("AIC") "is a professional certification for insurance claims adjusters that requires an intensive educational program," with a curriculum that "covers residential property claims and the use of supporting documentation/reports—including weather reports—to assist with adjusting claims" [Dkt. 31-2 at 1].

I have received additional hail damage training through HAAG and other continuing education providers. Adjusters are trained to identify hail and estimate the damage. The damage observed to the Newton's property is consistent with damage from hail and wind. The weather documentation and collateral damage to the medal [sic] support that finding.

[Dkts. 27-1 at 6; 31-1 at 16].

State Farm raises particular concerns regarding Allen's opinions as to the wind damage to Plaintiff's home, contending that he found without any supporting data that high winds blew off a patch of shingles that resulted in water leaking into the second floor. Here too, Allen's Report states his training and experience ground his determinations about the wind-damaged shingles, and lack of supporting data does not render his testimony inadmissible. *See Gaffney v. State Farm Fire & Cas. Co.*, No. CIV.A. 06-8143, 2009 WL 3188421, at *4 (E.D. La. July 15, 2009) (quoting FED. R. EVID. 703) ("It is apparent from Cressy's report that he relies heavily on his own inspection of the Gaffney's neighborhood to conclude that the Gaffney home was damaged by wind or tornadic activity. Facts 'perceived by' an expert may form the basis of an expert opinion.") (internal citations omitted); *see also Collins*, 2020 WL 95488, at *5 ("In determining reliability, the Court does not focus on the conclusions generated by the expert's methodology but rather on the reasonableness of the expert's approach. Safeco's complaint relates to a factual conclusion and not to Steiner's methodology or reasoning and so does not raise a genuine issue as to reliability.").[4]

---

[4] State Farm's objection that Allen's report lacks reference to wind data is a question of credibility of his sources for the jury at trial and is not grounds to strike Allen's testimony. *See Gaffney*, 2009 WL 3188421, at *4 (quoting *United States v. 14.28 Acres of Land*, 80 F.3d 1074, 1077, 1079 (5th Cir. 1987)) ("Though State Farm criticizes Cressy's failure to include 'comparative data or analysis regarding ... wind speeds,' [ ] Cressy's inspection and review of depositions, media accounts, and pictures/videos of the Gaffneys' property are enough to make Cressy's report sufficiently reliable, as noted above. State Farm's objections 'are matters properly to be tested in the crucible of adversarial proceedings; they are not the basis for truncating the process.'") (internal citations omitted).

State Farm further argues Allen "does not provide any explanation" for his opinion that the hail damage is "severe" such that the roof should be replaced [Dkt. 27 at 4].[5]  Allen's report explains his opinion is based on his personal inspection, preparation of test squares on each slope finding hail hits, reference to HAAG's definitions of hail damage and example photos, and his "knowledge, experience, and observations" of the damage to the roof as "indicative of and consistent with" hail damage [Dkts. 27-1 at 6; 31-1 at 16].  Allen's opinion that the hail damage is severe and his bases for determining that the roof should be replaced are, again, questions of credibility and weight of his testimony, not admissibility.  *See Lamer Corp., Inc. v. State Auto. Mut. Ins. Co.*, No. 6:15-CV-0020-WSS-JCM, 2015 WL 11622488, at *5 (W.D. Tex. Dec. 22, 2015) ("As to whether Cox's opinion is not credible because he inspected only the piece of rail trim rather than the whole property and whether that rail trim was representative goes to the weight and not the admissibility of the evidence. Factual disputes are better resolved by the trier of fact through cross-examination rather than exclusion under a *Daubert* motion."); *Melendez v. S. Fid. Ins. Co.*, 502 F. Supp. 3d 1071, 1076 (E.D. La. 2020) (quoting *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996)) ("Although the Gurtlers may not rely on as holistic a picture as SFIC would prefer, their facts and data are not rooted in 'farce or fiction.' Inspections of the property and an interview of its owner are reasonable factual bases for reports of this nature. Any purported weaknesses in due diligence or research can be highlighted for the jury in cross-examination.") (internal citations omitted).  Allen's opinions as to the damage to the fence and the carpets can similarly be subjected to cross-examination at trial, and any alleged lack of detail in his report is not a reason to strike his testimony as inadmissible based on reliability.  *See Shirpa*

---

[5] Plaintiff notes that Allen's report contains attachments that further support his opinion that the roof should be replaced, including 125 photographs of the Property and a 15-page cost estimate as evidence of his assessment of the repairs needed [Dkt. 31 at 4-5].

*Foods, Inc. v. Ohio Sec. Ins. Co.*, No. A-19-CV-00854-JRN, 2020 WL 6146570, at *3 (W.D. Tex. May 19, 2020) ("[T]he testimony should not be stricken as unreliable. Nevertheless, Defendant is free to attack the credibility of Mr. Allen's testimony—including by pointing to unfounded opinions—during cross examination."). Allen's report is not so lacking in reasoning as to warrant exclusion, and State Farm can question the credibility of his opinions at trial regarding the severity, nature, and extent of damage to the roof. *See Melendez*, 502 F. Supp. 3d at 1077 ("the Gurtlers do provide a reason why they believe the damage was caused by a single event as opposed to ongoing deterioration. Rather than serving as grounds for excluding the Gurtlers' testimony, SFIC's arguments and evidence about alternative causes are more properly presented to the jurors who can form their own ultimate conclusions.").

In addition, and relevant to this Court's gatekeeping role, at least one other court in Texas has previously considered and found Allen's specific credentials and experience qualified him to testify as to assessing roof damage. *See Shirpa Foods*, 2020 WL 6146570, at *2 ("Because Mr. Allen has, at minimum, training and experience, the Court does not see a reason to exclude his testimony based on qualifications. If Defendant feels Mr. Allen's training is inadequate, Defendant should demonstrate such inadequacy via rigorous cross-examination.").

*Allen's Qualifications to Reference Weather Reports*

State Farm next moves to strike or limit Allen's testimony on the grounds that he is "not qualified to render any opinions regarding the weather conditions on the date of loss, as he does not possess any training, skills, or experience in the field of weather or meteorology" [Dkt. 27 at 5]. Plaintiff answers that Allen "is qualified to assess weather reports as part of adjusting claims even if he is not a meteorologist" because both his AIC and HAAG certifications include training on how to "use weather reports and supporting documentation as part of an inspection" [Dkt. 31

at 6]. Allen's declaration explains that the AIC and HAAG certification curriculums both include training on how to use supporting documentation, including weather reports, to "assist with adjusting claims" [Dkt. 31-2 at 1]. He further declares:

> I regularly use weather reports when adjusting claims and I have found it to be a standard industry practice among adjusters. I use weather reports when adjusting claims for an insurer any time the reported cause of loss is a storm event.
>
> [ ] I do not view weather reports in a vacuum. Rather, I review weather reports in conjunction with everything else—physical observations, estimates, photographs, test squares, etc.

[Dkt. 31-2 at 1]. Upon review of Allen's report and the weather information attached, the Court agrees that Allen does not purport to be or have the expertise of a meteorologist; rather, he uses weather reports as a basis for his opinions and has been trained on how to use such reports in adjusting claims. *See Webster v. State Farm Fire & Cas. Ins. Co.*, No. CIV.A.07-4812, 2008 WL 2123753, at *3 (E.D. La. May 15, 2008) ("Hall's conclusions concerning wind damage and recommendations for repair do not create new weather information; Hall's use of the weather data is, rather, a basis for reaching those recommendations and conclusions."). This disclosure of the specific reports relied upon, and the information drawn from such reports, is sufficient for Allen's report to be admissible under Rule 702. *See State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255-L, 2019 WL 1436659, at *13 (N.D. Tex. Mar. 31, 2019) ("While he does not state in his expert report that he followed any particular methodology or steps, his investigation and assessment of the Property roof tracks the methodology in his declaration, and Phelps states in his declaration that this methodology is regularly used by engineers and roofing consultants in Texas in performing forensic investigations of storms. He also explains the steps he took and describes the data he considered with respect to each step. The court, therefore, determines that the methodology and his application of the methodology to the facts of this case are sufficiently

reliable for purposes of Rule 702."); *Arlington S. Hills, LLC v. Am. Ins. Co.*, 51 F. Supp. 3d 681, 693 (N.D. Tex. 2014) (finding expert testimony admissible under Rule 702 where the defendant challenged whether the information about hail size is accurate because the expert relied on multiple sources for his overall report).

In sum, each of State Farm's arguments presented by the instant Motion ultimately are questions of credibility and weight that can be highlighted for the jury in cross-examination and are not grounds to find Allen's testimony inadmissible. *See Gill v. State Farm Lloyds*, No. 4:14-CV-781, 2015 WL 7455534, at *2-3 (E.D. Tex. Nov. 23, 2015) ("in the present case, Richardson has reviewed pertinent materials and photographs, and can express his opinions regarding the damage to Plaintiff's roof based upon his experience within the construction industry. . . . Defendant's arguments go to the weight to be given Richardson's testimony, rather than his qualifications. These are considerations that should be determined by the trier of fact. The Court finds that Richardson is qualified to render an opinion, and therefore, his report and testimony is admissible."); *Alvarez v. State Farm Lloyds*, No. SA-18-CV-01191-XR, 2020 WL 734482, at *3 (W.D. Tex. Feb. 13, 2020) ("As to the reliability of Dr. Hall's opinions regarding causation, most of State Farm's attacks are not on the 'reasoning or methodology underlying' Dr. Hall's testimony, but on his conclusions themselves. They do not contend, for example, that inspecting a damaged roof in person, photographing damaged tiles, examining cracks and patterns in the tiles, evaluating available weather data, or investigating available eyewitness reports of the weather in the affected area are unreliable methods for conducting a forensic investigation. They instead argue that Dr. Hall should have come to a different conclusion after reviewing all of this evidence, or that he should have reviewed additional evidence such as consulting someone in the roofing industry concerning similar breakage issues on this type of tile."); *Freehold Mgmt.*, 2019 WL 1436659,

at *5 (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)) ("generally speaking, issues regarding the bases and sources of an expert's opinion that affect the weight of an opinion rather than the admissibility of the opinion 'should be left for the [trier of fact's] consideration.'"); *Gaffney*, 2009 WL 3188421, at *4 (an expert's own inspection is "enough to make [the expert's] report sufficiently reliable," therefore "State Farm's objections 'are matters properly to be tested in the crucible of adversarial proceedings; they are not the basis for truncating the process.'"); *see also Browder v. State Farm Fire & Cas. Co.*, No. 1:20-CV-26-MOC-WCM, 2021 WL 2517681, at *7 (W.D.N.C. June 18, 2021) (quoting *Refrigeration Supplies, Inc. v. Acadia Ins. Co.*, 2020 WL 7397002 (E.D. Mo. 2020)) ("The expert does not have to exhaustively consider every possibility for his opinion to be rendered admissible for trial. An expert's opinion is not 'rendered inadmissible' when he disagrees with another's 'opinions and testing methods.' Since Mr. Abbata's methodologies are consistent with that of the other engineers who inspected Plaintiffs' home, the finder of fact should decide which of the expert opinions to give more weight. Defendant may bring attention to perceived flaws in Mr. Abbata's Report and testimony during cross-examination at trial."). Defendant's request to exclude Allen should be denied.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant State Farm Lloyds's Motion to Strike or Limit Testimony of Brandon Allen [Dkt. 27] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of April, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE